**AFFIRM; Opinion Filed December 7, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01446-CR

### WADE PATE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F16-33638-I**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Wade Pate appeals his conviction for aggravated robbery with a deadly weapon. In a single issue, he argues he was denied effective assistance of counsel when his trial counsel failed to object to evidence of inadmissible extraneous offenses during the punishment phase of trial. We affirm the trial court's judgment. TEX. R. APP. P. 47.4.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2016, Pate walked into an electronics store and asked to see three cell phones. He asked the sales clerk to show him the accessories available for the phones, and while she was distracted, he gathered up the three cell phones, walked out of the store, and began running down the street. The sales clerk ran after him, but when Pate stopped, pulled out a gun, and pointed it at the sales clerk, she briefly stopped but quickly resumed running. Pate then put

away the gun and ran to get into the passenger seat of a car, which then drove off. A few months later, the police arrested Pate for the robbery.

Pate was indicted for the first degree felony offense of aggravated robbery. Pate pleaded not guilty and proceeded to a jury trial. The jury found Pate guilty of the charged offense. During the punishment phase, Pate testified in his own defense. On cross-examination, Pate admitted that he had been involved in several altercations while incarcerated prior to trial, had been arrested for possession of marijuana, and had been accused of another theft offense involving a cell phone. Pate's trial counsel did not object to the admission of this testimony. Although Pate's trial counsel argued in favor of community supervision, the jury assessed his punishment at five years' confinement.

## DISCUSSION

To determine whether a person has been deprived of effective assistance of counsel, we apply a two pronged test requiring the defendant show (1) the legal representation fell below an objective standard of reasonableness and (2) that the deficient legal representation prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under this two-part test, an appellant must establish that: (1) counsel's performance was so deficient that his assistance fell below an objective standard of reasonableness; and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687. Unless an appellant can establish both prongs, an appellate court must not find counsel's representation ineffective. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

To satisfy the first prong, appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of

reasonable professional assistance. *Strickland*, 466 U.S. at 689. We ordinarily will not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Without evidence of the strategy employed, we will presume that counsel was acting in accord with some deliberately sound trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Here, Pate filed no motion for new trial. The record is silent as to why Pate's trial counsel failed to object to evidence of extraneous offenses during the punishment phase of trial. The record does contain the State's notice to Pate that the State might introduce evidence of the crimes Pate admitted to as well as others. It is possible Pate's trial counsel deliberately remained silent in order to avoid inviting the State to present detailed evidence of those offenses to the jury. In all events, Pate has failed to rebut the presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813–14. We therefore overrule his sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

161446F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WADE PATE, Appellant

No. 05-16-01446-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1633638-I.
Opinion delivered by Justice Schenck, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of December, 2017.